IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC FLORES,

    Plaintiff,

v.                                           CASE NO. 5:15-cv-77-RS-GRJ

ERIC HOLDER, et al.,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* complaint. The Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which authorizes the Court to review proceedings conducted *in forma pauperis* and to dismiss a complaint that is frivolous, malicious, or fails to state a claim against which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  For the reasons summarized below, the Court recommends that the complaint be dismissed for improper venue and as frivolous.

Plaintiff lists the Attorney General, Eric Holder and the Federal Bureau of Investigations as Defendants in his Complaint.  Although Plaintiff's allegations are difficult to construe, Plaintiff's claims that the government is engaged in an alleged scheme to exert mind control over Plaintiff and his family members. He claims that the federal government used advanced technology to signal a satellite in outer space in order to (1) cause Plaintiff's Uncle Jorge Salas severe heart pain, resulting in his heart attack and death; (2) cause Plaintiff severe mental pain, which impairs his ability to mentally function; (3) cause Plaintiff severe heart pain, which lead to a heart attack

almost resulting in his death; and (4) cause the marriages of family members to dissolve by controlling their minds and forcing them to commit adultery. He also claims that government employees set up their own "common law courts" to dismiss his claims as frivolous and then discarded his legal mail. Plaintiff claims that the government's actions violate his First Amendment rights to both freedom of speech and free exercise of religion.

Plaintiff has chosen an improper venue in which to file his complaint. Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. 28 U.S.C. § 1391(b). In this case, Plaintiff lives in El Paso, Texas. Defendant Eric Holder, the Attorney General, is located in Washington, D.C., and the office of the Federal Bureau of Investigations that Plaintiff lists as a defendant is located in El Paso, Texas. All the events giving rise to this Complaint occurred in El Paso, Texas. Nothing in this case appears to have any connection to the Northern District of Florida, and thus venue, here, is improper.

Under 28 U.S.C. § 1406, the district court of a district where venue is improper "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a)(emphasis added). The Court concludes that transferring this case is not in the interests of justice because the action is clearly frivolous and is due to be dismissed.

*Case No. 5:15-cv-77-RS-GRJ*

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).  "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).  A dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

Plaintiff's allegations in this case are not simply frivolous, they are wholly incredible.  Plaintiff's Complaint is based upon the delusion that the government is controlling him and his family with advanced technology and, thus, the claims lack any arguable basis in fact and should be dismissed.

Furthermore, this is not the first time Plaintiff has filed these types of frivolous actions. Plaintiff previously filed multiple frivolous lawsuits, like this one, in other judicial districts. *See, e.g., Flores v. Holder*, No. 14-C-979, slip. op. 1-2 (E.D. Wis. Aug. 12, 2014)(discussing plaintiff's multiple lawsuits across the country against Attorney General Eric Holder since October of 2012).  Plaintiff's allegations in these cases are "delusional and wholly incredible on their face." *Flores v. U.S. Atty. Gen*., 2014 WL 1453851, *2 (D.R.I. 2014).  Plaintiff has incurred monetary sanctions and filing restrictions in the Western District of Texas, the Eastern District of Wisconsin, the Fifth

Circuit, and the United States Supreme Court. *See Flores v. Holder*, 132 S. Ct. 2397 (2012)(imposing filing restrictions on Plaintiff); *Flores v. Holder*, No. 14-C-979, slip. op. 1-2 (E.D. Wis. Aug. 12, 2014)(imposing sanctions on Plaintiff and discussing his sanctions in the Western District of Texas and the Fifth Circuit). Accordingly, this case should be dismissed summarily.

For the foregoing reasons, Plaintiff's motion for leave to proceed as a pauper, Doc. 3, is **DENIED**.

Further, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 13th day of April 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**